JOSHUA E. KIRSCH (179110)
JEREMY G. ZEITLIN (287962)
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, California  94105
Telephone:	(415) 348-6000
Facsimile:	(415) 348-6001
Email:	jkirsch@gibsonrobb.com
	jzeitlin@gibsonrobb.com

Attorneys for Plaintiff
STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUCKS CORPORATION, a corporation, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>AMCOR PACKAGING DISTRIBUTION, a corporation; AMCOR PACKAGING (USA), INC., a corporation; and PALLETS UNLIMITED, LLC, a limited liability company, <br><br>　　　　Defendants. | Case No. <br><br>**COMPLAINT FOR DAMAGES** <br><br>JURY TRIAL DEMANDED |

Plaintiff's complaint follows:

## GENERAL ALLEGATIONS

1.　　Plaintiff STARBUCKS CORPORATION ("STARBUCKS") is now and at all times material was a corporation incorporated in the state of Washington and having its principal place of business at Seattle, Washington, duly organized and existing by virtue of law, and was the owner of the bagged green (unroasted) coffee beans that are the subject of this lawsuit (the "COFFEE").

/ / /

/ / /

/ / /

COMPLAINT
CASE NO.: _____; OUR FILE NO. 5721.09

2. Plaintiff is informed and believes and on the basis of that information and belief alleges that Defendant AMCOR PACKAGING DISTRIBUTION, including its division known as LANDSBERG, is now, and at all times herein material was, a California corporation doing business in California, whose principal place of business is located at Buena Park, California.

3. Plaintiff is informed and believes and on the basis of that information and belief alleges that Defendant AMCOR PACKAGING (USA), INC. is now, and at all times herein material was, a California corporation doing business in California, whose principal place of business is located at Buena Park, California. Defendants AMCOR PACKAGING DISTRIBUTION and AMCOR PACKAGING (USA), INC. are collectively referred to herein as "AMCOR LANDSBERG".

4. Plaintiffs are informed and believe and on the basis of that information and belief allege that Defendant PALLETS UNLIMITED, LLC ("PALLETS UNLIMITED"), is now, and at all times herein material was, a California limited liability company doing business in California, whose principal place of business is located at 2390 Athens Ave., Lincoln, Placer County, California, in this judicial district.

5. The matter in controversy in this action exceeds the sum or value of $75,000, and is between citizens of different states. This Court therefore has diversity jurisdiction over this matter pursuant to 28 USC §1332(a).

6. Defendants reside in this Judicial District, and a substantial part of the events or omissions giving rise to the claim herein occurred in this Judicial District. Venue is therefore proper under 28 USC §1391(b).

7. At all relevant times herein, defendants were in the business of producing, assembling, manufacturing, selling, and/or distributing wooden pallets for use in shipping and storing cargo and inventory, including but not limited to bagged green coffee. Defendants sold and provided such pallets to STARBUCKS.

8. Pursuant to 26 invoices dated between December 23, 2011 and February 17, 2012, Defendants AMCOR LANDSBERG sold 9,480 pallets to STARBUCKS. True and correct copies of said invoices are attached hereto as Exhibit A. Plaintiff was a party to an agreement

with AMCOR LANDSBERG to provide the pallets. The agreement was to provide pallets that met the specifications set forth in the "Pallet Design System Version 4.0 - Pallet Specification Sheet", a true and correct copy of which is attached hereto as Exhibit B. Together, Exhibits A and B comprise the contract for the provision and sale of pallets from defendant AMCOR LANDSBERG to plaintiff. Exhibit B stipulates: "Moisture Content (at manufacture and assembly): Kiln Dry - 19%)". Said pallets, or some of them, were manufactured, assembled, or provided by PALLETS UNLIMITED to AMCOR LANDSBERG. Defendants AMCOR LANDSBERG delivered the pallets to STARBUCKS at Sparks, Nevada during the period December 2011 through February 2012. STARBUCKS paid Defendants AMCOR LANDSBERG $400,740 for the pallets. The invoices contain fine print with purported disclaimer language, but the disclaimer is invalid and ineffective as against the causes of action herein.

9. Shortly after receiving the pallets, at Sparks, Nevada, STARBUCKS loaded approximately 67,728 bags of the COFFEE onto approximately 3,689 of the pallets for storage and transportation. Thereafter, following shipment of the COFFEE to its roasting plants, STARBUCKS discovered mold on the pallets, coffee bags, and COFFEE. Plaintiff is informed and believes and hereon alleges that the proximate cause of the mold is the failure of defendants to provide pallets that met the contract specifications, were properly cured, and otherwise safe and fit for the purpose of storing bagged green coffee beans. As a result, excessive moisture was present in the pallets, which caused mold to develop in pallets and the coffee bags and COFFEE, which were in direct contact with the faulty pallets.

10. As a direct and proximate result of the improper pallets and the damage to the COFFEE, the value of the COFFEE was diminished, and plaintiff suffered expenses and losses, in the amount of not less than $4,932,115.76.

11. The damage to the COFFEE and STARBUCKS was caused by defendants as set forth more fully below, and STARBUCKS is not responsible the loss and damage claimed herein.

///

1  12.  Following the discovery of the mold, plaintiff returned 9,466 of the pallets to Defendant AMCOR LANDSBERG (14 of the pallets have been retained by plaintiff as evidence, but they are otherwise without value due to mold). However, AMCOR LANDSBERG has failed and refused to refund the amount paid for the pallets.

### FIRST CAUSE OF ACTION
### (Strict Products Liability - against all defendants)

13.  Plaintiff re-alleges and incorporates herein with like force and effect as though set forth fully here each and every allegation of paragraphs 1 through 11 as set forth above.

14.  Defendants, and each of them, knew that the pallets would be purchased and used without inspection for defects. The pallets manufactured, assembled, provided and/or sold by defendants were defective in their manufacture and/or design when they left defendants' control. Defendants further failed to warn of the defects and dangers of the pallets. The pallets were being used in the manner intended by defendants and in a manner that was reasonably foreseeable to defendants and involving a substantial danger not readily apparent. Said defects and lack of warning rendered the pallets unfit and unsafe for their intended use.

15.  As a direct and proximate result of the defective and dangerous condition of the pallets, and the failure to warn thereof, the COFFEE was damaged by mold.

WHEREFORE, plaintiff prays for judgment against defendants as set forth below.

### SECOND CAUSE OF ACTION
### (Breach of Warranty of Merchantability - against all defendants)

16.  Plaintiff re-alleges and reincorporates each and every allegation contained within paragraphs 1 through 11 as set forth above.

17.  Prior to the delivery of the pallets to plaintiff, defendants, and each of them, impliedly warranted to plaintiff that the pallets were of merchantable quality and safe for the use for which they were intended by STARBUCKS. Plaintiff relied on defendants' skill or judgment as pallet manufactures, suppliers, or sellers in deciding to obtain the pallets from defendants.

18.  Defendants, and each of them, breached the warranty because the pallets were not safe for their intended use, and were not of merchantable quality.

19. As a proximate result of the above-alleged breaches of warranty, the COFFEE was damaged by mold.

20. After the above-mentioned damage, timely and reasonable notice of the damage and attendant breaches of warranties was given to defendants.

WHEREFORE, plaintiff prays for judgment against defendants as set forth below.

### THIRD CAUSE OF ACTION
**(Breach of Warranty of Fitness for Particular Purpose - against all defendants)**

21. Plaintiff re-alleges and reincorporates each and every allegation contained within paragraphs 1 through 11 as set forth above.

22. Prior to the delivery of the pallets to plaintiff, defendants, and each of them, impliedly warranted to plaintiff that the pallets were fit for the use for which they were intended by STARBUCKS, and of which intended use defendants knew. Plaintiff relied on defendants' skill or judgment as pallet manufactures, suppliers, or sellers in deciding to obtain the pallets from defendants.

23. Defendants, and each of them, breached the warranty because the pallets were not fit for their intended use.

24. As a proximate result of the above-alleged breaches of warranty, the COFFEE was damaged by mold.

25. After the above-mentioned damage, timely and reasonable notice of the damage and attendant breaches of warranties was given to defendants.

WHEREFORE, plaintiff prays for judgment against defendants as set forth below.

### FOURTH CAUSE OF ACTION
**(Breach of Express Warranty - against AMCOR LANDSBERG only)**

26. Plaintiff re-alleges and reincorporates each and every allegation contained within paragraphs 1 through 11 as set forth above.

27. Prior to the delivery of the pallets to plaintiff, Defendants AMCOR LANDSBERG, and each of them, expressly warranted to plaintiff that the pallets would conform

to "Moisture Content (at manufacture and assembly): Kiln Dry - 19%)". Plaintiff relied on defendants' express warranty in deciding to obtain the pallets from defendants.

28. Defendants, and each of them, breached the warranty because the pallets did not meet the moisture content specifications.

29. As a proximate result of the above-alleged breaches of warranty, the COFFEE was damaged by mold. Plaintiff is therefore entitled to recover for the damages to the coffee and related expenses, as well as the purchase price of the pallets.

30. After the above-mentioned damage, timely and reasonable notice of the damage and attendant breaches of warranties was given to defendants.

WHEREFORE, plaintiff prays for judgment against defendants as set forth below.

### FIFTH CAUSE OF ACTION
### (Breach of Contract against AMCOR LANDSBERG defendants only)

31. Plaintiff re-alleges and reincorporates each and every allegation contained within paragraphs 1 through 11 as set forth above.

32. Plaintiff performed according to the terms of the agreement.

33. Thereafter in breach and violation of said agreement, Defendant AMCOR LANDSBERG provided the pallets in a defective condition, including but not limited to providing pallets that had a moisture content higher than 19%, causing the mold damage.

34. Plaintiff is therefore entitled to recover for the damages to the coffee and related expenses, as well as the purchase price of the pallets.

WHEREFORE, plaintiff prays for judgment against defendants as set forth below.

### SIXTH CAUSE OF ACTION
### (Negligence - against all defendants)

35. Plaintiff re-alleges and reincorporates each and every allegation contained within paragraphs 1 through 11 as though set forth above.

36. At all times herein mentioned defendants, and each of them, knew or in the exercise of ordinary and reasonable care should have known that the pallets were of such a nature that if not properly manufactured, designed, built, inspected, fabricated, constructed, and

delivered, for the use and purpose for which they were intended, were likely to cause injury to people or property.

37. Defendants, and each of them, so negligently and carelessly manufactured, designed, built, inspected, fabricated, constructed and/or delivered the pallets that they were in a dangerous and defective condition. Said negligence and carelessness included, without limitation, errors in the curing of the wood used to construct the pallets, and excessive moisture content in the wood.

38. Plaintiff used the pallets in their usual and customary manner. As a proximate result of the said negligence and carelessness of the defendants, and each of them, the COFFEE was damaged by mold.

WHEREFORE, plaintiff prays for judgment against Defendants AMCOR LANDSBERG and PALLETS UNLIMITED, and each of them, in the sum of a least Five Million Three Hundred Thirty-Two Thousand Five Hundred Eighty-Five dollars and seventy-six cents ($5,332,855.76) or some other amount to be proven at trial, together with prejudgment interest thereon, for costs of suit, and for such other and further relief as the court deems proper and just. Plaintiff demands a jury.

DATED: August 23, 2013                  Respectfully Submitted,

                                        GIBSON ROBB & LINDH LLP

                                        _____
                                        Joshua E. Kirsch
                                        Attorneys for Plaintiff
                                        STARBUCKS CORPORATION