UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STARBUCKS CORPORATION, a corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>AMCOR PACKAGING DISTRIBUTION, a corporation; AMCOR PACKAGING (USA), INC., a corporation; and PALLETS UNLIMINTED, LLC, a limited liability company,<br><br>             Defendants. | CIV. No. 2:13-1754 WBS CKD<br><br>ORDER RE: OZBURN-HESSEY LOGISTIC'S REQUEST TO SEAL DOCUMENTS |

----oo0oo----

Cross-defendant Ozburn-Hessey Logistics ("OHL") has submitted a Request to Seal Exhibit 5 to its Request for Judicial Notice in Support of its Motion to Dismiss Pallets Unlimited, LLC's Cross-Complaint. (Docket No. 31.) Exhibit 5 purports to be an agreement between OHL and plaintiff Starbucks. (Id.) OHL states the document contains sensitive business information that is subject to a confidentiality agreement between those two

1

parties.  (Id.)

A party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of public access.  Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  The party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  Id. at 1178-79 (internal quotation marks and citation omitted).  In ruling on a motion to seal, the court must balance the competing interests of the public and the party seeking to keep records secret.  Id at 1179.

A private confidentiality agreement does not per se constitute a compelling reason to seal a document that outweighs a interests of public disclosure and access.  OHL has not identified the sensitive information, nor has it indicated to the court why the information is sensitive or pointed out where in the agreement that information is contained.  Absent any guidance, the court cannot find a compelling reason to seal the document.

IT IS THEREFORE ORDERED that within 10 days from the date of this Order, OHL shall specifically identify the provisions in the agreement which asserts constituted "sensitive business information" and explain why that information is sensitive and should be sealed or redacted from the public record.

Dated:  October 8, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE