UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STARBUCKS CORPORATION, a corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMCOR PACKAGING DISTRIBUTION, et al.,<br><br>　　　　Defendants. | CIV. NO. 2:13-1754 WBS CKD<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS FIRST AMENDED CROSS-COMPLAINT |

----oo0oo----

This matter is again before the court on third-party defendant Ozburn-Hessey Logistics' ("OHL") motion to dismiss Pallets Unlimited's First Amended Third-Party Complaint ("FATC") (Docket No. 46) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, (Docket No. 48). The factual and procedural history is set forth in this court's Memorandum and Order of November 5, 2014 (Docket No. 44) dismissing Pallets Unlimited's original third-party complaint with leave to amend.

1

1         Pallets Unlimited re-asserts its claims of equitable
2    indemnification and negligence against OHL.  Whereas its original
3    Third-party Complaint was silent as to the ownership of the
4    pallets after they were given to OHL, Pallets Unlimited now
5    alleges that Starbucks owned the coffee bags, coffee beans, and
6    wooden pallets while they were kept at OHL's warehouse.  (FATC ¶
7    14.)  Pallets Unlimited also adds an allegation that OHL stored
8    these items for Starbucks as a "warehouseman/bailee."  (Id.)  OHL
9    allegedly kept the pallets in its warehouse until they were
10   shipped to Starbucks, during which time Pallets Unlimited
11   maintains that OHL bore sole responsibility for storing and
12   maintaining the pallets such that they did not develop mold.
13   (Id. ¶¶ 9-10.)  The FATC also alleges that none of the wooden
14   pallets made by Pallets Unlimited contained any mold or excessive
15   moisture at the time they were delivered to OHL's warehouse.
16   (Id. ¶ 8.)
17        In light of these new allegations, the court now
18   addresses the sufficiency of the allegations of the FATC under
19   the standards of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
20   (2007); and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
21        I.   Equitable Indemnity Claim
22             As discussed at some length in this court's Order of
23   November 5, 2014, California law requires that, "[w]ith limited
24   exception, there must be some basis for tort liability against
25   the proposed indemnitor . . . generally based on a duty owed to
26   the underlying plaintiff."  BFGC Architects Planners, Inc. v.
27   Forcum/Mackey Constr., Inc., 119 Cal. App. 4th 848, 852-53 (4th
28   Dist. 2004).  Ordinary breach of contract, without something

1  more, will not support liability in tort.  See Erlich v. Menezes,
2  21 Cal. 4th 543, 551-52 (1999).  However, "the same wrongful act
3  may constitute both a breach of contract and an invasion of an
4  interest protected by the law of torts."  Id. at 551.

5          A.  A Bailee's Duty with Regard to Bailed Goods

6          "California law generally defines a bailment as the
7  delivery of a thing in trust for a purpose upon an implied or
8  express contract."  Whitcombe v. Stevedoring Servs. of Am., 2
9  F.3d 312, 316 (9th Cir. 1993) (citing Greenberg Bros. v. Ernest
10 W. Hahn, Inc., 246 Cal. App. 2d 529, 531 (2d Dist. 1966)).
11 Generally, contract terms govern bailment relationships.  See,
12 e.g., George v. Bekins Van & Storage Co., 33 Cal. 2d 834, 848-49
13 (1949).

14         Several California statutes also impose an obligation
15 to exercise a certain degree of care with regard to bailed
16 property on the bailee--called a "depository" by the California
17 Civil Code.[1]  Of relevance here, California Civil Code section
18 1852 states that "[a] depositary for hire must use at least
19 ordinary care for the preservation of the thing deposited."[2]
20 Cal. Civ. Code § 1852.  The California Commercial Code also sets
21 out an additional standard of care for a specific type of bailee

---

[1] See Whitcombe, 2 F.3d at 316 ("The California Civil Code uses the term depository and depositor in place of the common law terms bailee and bailor. . . . The terms mean the same things.").

[2] California Civil Code section 1851 defines a non-gratuitous deposit as "storage" and deems that "[t]he depositary in such case is called a depositary for hire."  Cal. Civ. Code § 1851.

3

called a "warehouse" or "warehouseman,"[3] stating in section 7204 that "[a] warehouse is liable for damages for loss of or injury to the goods caused by its failure to exercise care with regard to the goods that a reasonably careful person would exercise under similar circumstances."  Cal. Com. Code § 7204(a).

These statutory obligations bear a striking similarity to California's general negligence statute, California Civil Code section 1714(a), which provides a duty that sounds in tort.  See Cal. Civ. Code § 1714(a) ("Everyone is responsible . . . for an injury occasioned to another by his or her want of ordinary care or skill . . ."); Cabral v. Ralphs Grocery Co., 51 Cal. 4th 764, 771 (2011).  In addition, California courts that discuss the duty a bailee or a warehouseman owes with respect to bailed property frequently describe a breach of that duty as "negligent" or "negligence,"[4] although they leave the source of that duty and the kind of remedies available ambiguous.

Several authorities support the conclusion that these statutory duties give rise to tort liability.  In particular, the Uniform Commercial Code Comment included in California Commercial Code section 7101 notes that Article Seven "does not attempt to

---

[3]   The Civil Code defines a "warehouse" as "a person engaged in the business of storing goods for hire."  Cal. Com. Code § 7102(a)(13).

[4]   See, e.g., Greenberg Bros., 246 Cal. App. 2d at 533 ("A depositary or bailee for hire is liable only when he has been guilty of some negligence.  He is chargeable only with ordinary care and diligence in safeguarding his bailor's property . . ." (quoting Baxter v. Shanley-Furness Co., 193 Cal. 558, 561 (1924)); Scott's Val. Fruit Exch. v. Growers Refrigeration Co., 81 Cal. App. 2d 437, 440 (1st Dist. 1947) ("[A]n action will lie against a bailee for negligent destruction of or injury to deposited goods.").

define the tort liability of bailees, <u>except to hold certain classes of bailees to a minimum standard of reasonable care</u>." Cal. Com. Code § 7101 cmt. (emphasis added). This comment suggests that the California Commercial Code actually <u>does</u> define the tort liability of those classes of bailee in Division Seven (the California equivalent of UCC Article Seven), including the "warehouse" bailee. <u>See</u> Cal. Com. Code §§ 7102(a)(13), 7204(a). Additionally, at least one California Court of Appeal has allowed a bailor to maintain causes of action for both breach of bailment contract and negligence in tort after bailed property was damaged. <u>See</u> <u>Gerbert v. Yank</u>, 172 Cal. App. 3d 544, 549-50 (2d Dist. 1985).

OHL maintains that these statutes do not give rise to liability in tort but merely imply a duty of care into the terms of every bailment contract. (<u>See</u> OHL's Reply at 7 n.7.) It supports its argument primarily with the California Court of Appeal case of <u>Windeler v. Scheers Jewelers</u>, 8 Cal. App. 3d 844 (1st Dist. 1970). (<u>See</u> OHL's Reply at 7-9.) However, this court does not read <u>Windeler</u> as precluding the existence of an independent tort duty under either California Civil Code section 1852 or California Commercial Code section 7204(a). The section of <u>Windeler</u> cited by OHL discusses damages for a plaintiff's mental suffering and emotional distress, not damages to her property. <u>See</u> <u>Windeler</u>, 8 Cal. App. 3d at 849-51. Both statutory provisions at issue here apply specifically to bailed property and impose liability only for damage to that property. <u>See</u> Cal. Com. Code § 7204(a) ("A warehouse is liable for <u>damages for loss of or injury to the goods</u> caused by its failure to

5

exercise care <u>with regard to the goods</u> . . ." (emphasis added)); Cal. Civ. Code § 1852 ("A depository for hire must use at least ordinary care <u>for the preservation of the thing deposited</u>." (emphasis added)). Nor did <u>Windeler</u> involve the kind of "warehouse" bailee that Pallets Unlimited alleges here. The court thus finds <u>Windeler</u> distinguishable from the instant case.

Accordingly, because OHL has not provided, and the court cannot find, any persuasive authority that precludes tort liability under California Civil Code section 1852 or California Commercial Code section 7204(a), the court concludes that a "warehouseman/bailee" relationship may provide a basis for liability sounding in tort as between OHL and Starbucks.

B.  <u>Pallets Unlimited States a Claim for Equitable Indemnity</u>

Pallets Unlimited also plausibly alleges the remaining elements of equitable indemnity. It alleges that mold developed because of OHL's "lack of ordinary care in the management and maintenance of the OHL Warehouse, and its failure to exercise due diligence to ensure that [Starbucks's] bags, beans and pallets suffered no harm while stored at the OHL Warehouse." (FATC ¶¶ 9-10, 14-15.) As a result, Starbucks allegedly suffered $4,932,115.76 in damages, which through this lawsuit, it has sought to recover from Amcor and Pallets Unlimited. (<u>Id.</u> ¶ 12.) Pallets Unlimited alleges that any liability it incurs to Starbucks is attributable to OHL's fault. (<u>Id.</u> ¶ 17.)

Accordingly, because Pallets Unlimited has alleged a duty in tort between OHL and Starbucks, fault on the part of OHL, and resulting damages to Pallets Unlimited for which OHL is

6

allegedly responsible, see Bailey v. Safeway, Inc., 199 Cal. App. 4th 206, 217 (1st Dist. 2011) (listing elements), Pallets Unlimited has stated a plausible claim for equitable indemnity. The court must therefore deny OHL's motion to dismiss this claim.

## II.   Negligence Claim

In its November 5, 2014 Order, this court rejected Pallets Unlimited's argument that OHL owed a duty to protect it from the prospect of purely economic loss it now faces as a result of Starbucks's claims against it, noting that Pallets Unlimited did not allege any injury to its person or property, instead alleging only damages in the form of "potential liability" to Starbucks, as well as "damages relating to attorney's fees and costs of suit herein."  After surveying California law, the court could not find any basis for such a duty. (See Nov. 5, 2014 Order at 12-16.)

The court sees no significant difference between the negligence claim it rejected in its prior Order and the negligence claim Pallets Unlimited re-asserts in its FATC. (Compare FATC ¶¶ 19-25, with Pallets's Compl. ¶¶ 15-18.)  Again, Pallets Unlimited does not allege any injury to its person or property.  Instead, it alleges that OHL breached its duty to Starbucks by failing to ensure that the bags, beans, and pallets owned by Starbucks were kept free of mold.  (FATC ¶ 24.)  Pallets Unlimited then asserts that, due to this breach, it has suffered damages in the form of "potential liability to [Starbucks]," "damages relating to attorneys' fees and costs of suit herein." (Id. ¶ 25.)

What changes Pallets Unlimited does make to its

1  negligence claim only strengthen the court's conclusion that this
2  negligence claim essentially duplicates Pallets Unlimited's
3  indemnification claim.  (See Nov. 5, 2014 Order at 15 n.7
4  (suggesting that Pallets Unlimited's negligence claim might be
5  construed as an attempt to salvage its indemnity claim).)  This
6  time, Pallets Unlimited explicitly alleges that OHL should
7  compensate it for any liability it incurs to Starbucks because
8  "such liability would be solely, directly, and legally due to the
9  primary and active fault . . . of Cross-Defendant OHL."  (FATC ¶
10 24.)

11          This new allegation repeats verbatim Pallets
12 Unlimited's allegation under its equitable indemnity claim.  (Id.
13 ¶ 17 (". . . such liability would be solely, directly and legally
14 due to the primary and active fault . . . of Cross-Defendant
15 OHL").)  Both Pallets Unlimited's indemnity claim and its
16 negligence claim attempt to provide Pallets Unlimited with the
17 same relief: compensation for the damages and costs it incurs in
18 its suit against Starbucks.  (Compare FATC ¶ 18 (stating that
19 Pallets Unlimited is entitled to be indemnified for "damages,
20 judgments, attorneys' fees, and related costs or expenses
21 incurred in defending the principal action"), with id. ¶ 25
22 (stating that Pallets Unlimited has suffered damages including
23 "potential liability to [Starbucks] based on [Starbucks's]
24 Complaint, damages relating to attorneys' fees, and costs of suit
25 herein").)

26          Nonetheless, Pallets Unlimited urges this court to
27 recognize a new duty based on the "special relationship" between
28 it and OHL by applying the factors enumerated by the California

8

Supreme Court in J'Aire Corp. v. Gregory, 24 Cal. 3d 799 (1979). These factors include

> (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm.

Id. at 804.

A California Court of Appeal's recent rejection of this argument is instructive. See Mega RV Corp. v. HWH Corp., 225 Cal. App. 4th 1318, 1340-42 (4th Dist. 2014). The manufacturer in that case also argued that the court should recognize a new duty of care under J'Aire. Id. at 1340-41. Faced with analogous facts, the court in Mega RV applied the six J'Aire factors and concluded that none of them supported the recognition of such a duty. Id. at 1341-42.

Pallets Unlimited makes no attempt to distinguish Mega RV and fails to address the six J'Aire factors. It argues only that, because OHL and it were involved in a "chain of supply" for the wooden pallets at issue, and "[i]n the litigious world we live in," it was "foreseeable" that Starbucks would seek compensation from Pallets Unlimited for damages caused to its property, OHL owed it a duty of care. (See FATC ¶ 22; Pallets's Opp'n at 13-16.) However, foreseeability alone cannot give rise to a duty under California law, see Erlich, 21 Cal. 4th at 552, and Pallets Unlimited provides no other reason for imposing a duty in this case.

1          Accordingly, because no authority supports the
2 existence of a duty of care between OHL and Pallets Unlimited and
3 the court declines to recognize one under J'Aire, see Mega RV,
4 225 Cal. App. 4th at 1338-42, the court must grant OHL's motion
5 to dismiss this claim.
6          IT IS THEREFORE ORDERED that third-party defendant
7 Ozburn-Hessey Logistics's motion to dismiss be, and the same
8 hereby is, GRANTED without leave to amend with respect to third-
9 party plaintiff Pallets Unlimited's negligence claim and DENIED
10 in all other respects.

Dated: January 15, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE